## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

David Yisrael,                                    Case No. 20-cv-1744 (WMW/DTS)

     Plaintiff,

v.                                                **REPORT AND RECOMMENDATION**

Jeannice M. Reding, Kevin Bieging,
and the Judiciary Courts of the
State of Minnesota,

     Defendants.

Plaintiff David Yisrael[1] sued Hennepin County District Court Judge Jeannice M. Reding, Assistant Hennepin County Attorney Kevin Bieging, and the "Judiciary Courts of the State of Minnesota" alleging various claims in connection with his criminal prosecution in Minnesota state court. Defendant Bieging moves to dismiss the claims against him on a variety of grounds. Docket No. 8. Yisrael did not respond to the motion. For the reasons stated below, the Court recommends that Bieging's motion be granted and the case be dismissed in its entirety.

### FINDINGS OF FACT

On October 6, 2017, Yisrael was charged in Minnesota state court with three felony counts of possession of a firearm by an ineligible person and possession of cocaine and marijuana while possessing a firearm. Decl. of Faruq A. Karim Ex. 1 (Complaint & Order of Detention, Hennepin County Court File No. 27-CR-17-25179), Docket No. 11-1. On

---

[1] It appears his legal name is Douglas Lee White. *See* Exhibits to Complaint, Docket No. 1-3.

August 11, 2020 Yisrael filed this lawsuit against Bieging, the prosecutor currently handling his case; Reding, the judge who previously presided over it; and the state courts of Minnesota. He asserts Bieging and Judge Reding "conspired together to cause damage" to him by using their titles as public officers to "convert [his] status" from that of a man as defined in the Bible and one of the people as defined in the United States and Minnesota Constitutions, to "that of an indentured involuntary servant." Complaint, Docket No. 1. He alleges he has been (1) injured, (2) unjustly deprived of liberty, (3) "put under unnecessary distress by being forced to the brink of Breach of Contract," (4) kidnapped, (5) falsely imprisoned, (6) has had "unconscionable contracts foisted upon [him] under duress," and (7) has had false claims made against him. *Id.*

Yisrael's one-page complaint attaches 21 pages of documents. *See* Docket No. 1-3. They include filings in his state criminal case to dismiss the case, disqualify the judge, correct the record, challenge the court's jurisdiction, and hold the judge and prosecutor liable for any wrongful conviction; a copy of Judge Reding's judicial oath of office; hearing and trial notices from Hennepin County District Court; and a letter from Yisrael to the Social Security Administration withdrawing from the Social Security system. *Id.* The complaint does not identify what relief he seeks in this federal lawsuit, but it seems obvious he is asking this Court to interfere with or stop the state prosecution.

Yisrael purported to serve the summons and complaint on Bieging and Judge Reding by certified mail to their business/government addresses at Hennepin County. *See* Docket No. 6 at 1, 4. This is not proper service under Rule 4(e) of the Federal Rules of Civil Procedure or Rule 4.03(a) of the Minnesota Rules of Civil Procedure, which require personal delivery to the defendant or the defendant's home unless the defendant

signs a waiver of service. The defendants here did not waive service. Likewise, Yisrael purportedly served the "Judiciary Courts of the State of Minnesota" by certified mail to the United States Department of Justice, United States Attorney General, and United States Attorney's Office in Minneapolis, Minnesota. *Id.* at 2, 3. But, apart from other defects in such attempted service, those agencies are federal entities. They do not represent the county or state.

Bieging brought this motion to dismiss. Docket No. 8. Yisrael did not respond.

## CONCLUSIONS OF LAW

Bieging moves to dismiss the claims against him on the following grounds: lack of personal jurisdiction due to insufficient service of process; failure to meet the pleading standards of Rules 8 and 12 of the Federal Rules of Civil Procedure; that the claims are barred under the *Younger* doctrine; that the claims are barred by absolute prosecutorial immunity; and failure to plausibly allege any individual or official capacity claim against him or any municipal liability claim under 42 U.S.C. §1983. Bieging Br. 4, Docket No. 10.

Yisrael did not file a response to the motion or address the substance of Bieging's arguments in any way. He did not ask to extend the deadline or otherwise communicate with the Court. Bieging states that Yisrael did not respond to his attempt to meet-and-confer before filing the motion. *See* Docket No. 12. Yisrael's failure to respond constitutes a waiver, and his claims warrant dismissal on that basis alone. *See Christensen v. PennyMac Loan Services, LLC*, 988 F.Supp.2d 1036, 1042 (D. Minn. 2013) (citing cases).[2]

---

[2] Early in this case, the Court ordered Yisrael to notify defendants to appear and respond to his complaint and, if they failed to do so, to file an application for default; and informed

Dismissal is also warranted because, as discussed above, Yisrael failed to properly serve Bieging with the summons and complaint. The Court therefore lacks jurisdiction over him. *See Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (federal court lacks jurisdiction over improperly served defendant). Yisrael's claims should be dismissed without prejudice for lack of jurisdiction.

Even if defects in the service of process were cured, Yisrael's complaint fails to state a plausible claim under Rules 8 and 12 of the Federal Rules of Civil Procedure. Rules 8(a)(2) and (3) require a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although a *pro se* complaint is liberally construed, it must still contain specific facts sufficient to support its legal conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981). Thus, while a court accords deference to *pro se* pleadings, it will not supply facts that are not alleged that might support the plaintiff's claim. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). In determining whether a plaintiff has stated a plausible claim, the Court considers the

---

Yisrael if he did not do so, the Court would recommend dismissal of his complaint for failure to prosecute. *See* Order, Docket No. 5. Yisrael filed notices demanding that defendants respond and requesting default. *See* Docket Nos. 16, 17. But in the interim Bieging appeared in the case and filed this dismissal motion, to which Yisrael has not responded.

complaint, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Yisrael's complaint makes bare assertions of "injur[y]," "damage," and "distress" without any factual allegations of specific conduct by Bieging to describe or support any cause of action against him. It offers only labels and conclusions that Yisrael was kidnapped, falsely imprisoned, deprived of liberty, subjected to involuntary servitude, and had unconscionable contracts foisted upon him and false claims made against him. Most of the attached documents have the caption of and/or pertain to the state criminal proceedings, except for his letter to the Social Security Administration which appears unrelated to Bieging, the state criminal case, or this lawsuit. The complaint also fails to state what relief Yisrael is seeking. Accordingly, his claims against Bieging should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The complaint also does not plausibly allege any official-capacity claim against Bieging, which would be treated as a claim against his public employer Hennepin County. A municipality such as the county may be held liable under § 1983 for a constitutional violation that resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013) (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91 (1978) and *City of Canton v. Harris,* 489 U.S. 378, 388 (1989)). A plaintiff must establish causation, *i.e.*, that the policy, custom, or failure to train was the "moving force" behind the constitutional violation. *City of Canton*, 489 U.S. at 389-91; *Monell*, 436 U.S. at 691. Yisrael's complaint does not identify or describe any policy, custom, or

training practices of Hennepin County. There are no factual allegations from which the Court could infer that any alleged harm to Yisrael was caused by a county policy, custom, or failure to train.

Moreover, to the extent the Court can discern the nature of Yisrael's claims against Bieging, they appear to be barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and presenting the state's case insofar as that conduct is intimately associated with the judicial phase of the criminal process. *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This immunity extends to claims of civil conspiracy when the prosecutor's alleged participation in the conspiracy consists of otherwise immune acts. *Id.* Here, the complaint and attached documents indicate that Yisrael's grievances relate to Bieging's actions in his prosecutorial capacity in the state criminal proceedings. Such claims are barred by prosecutorial immunity.

In addition, to the extent Yisrael seeks relief related to pending state criminal proceedings, the Court must abstain from hearing his claims under *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). The *Younger* doctrine applies when there are ongoing state proceedings involving the same or related matters, those proceedings involve important state interests, and the federal plaintiff has an adequate opportunity to raise questions of federal law in the state proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *P.G. v. Ramsey County*, 141 F.Supp.2d 1220, 1228-29 (D. Minn. 2001) (applying *Middlesex* factors). The public record of *State v. White,* No. 27-CR-17-25179, indicates it is ongoing. Criminal prosecutions are clearly an important state interest. Yisrael will have an opportunity to raise any federal constitutional

challenges in state court. Consideration by this Court of his complaints about the state court prosecutor and judge would interfere with or could in essence enjoin the state prosecution. Thus, dismissal of his claims is warranted under the *Younger* abstention doctrine.

Finally, to the extent Yisrael asserts any state law claims against Bieging, such as false imprisonment or breach of contract, the Court recommends that the Court decline to exercise supplemental jurisdiction over such claims and that they be dismissed without prejudice.

The other two named defendants, Judge Reding and the "Judiciary Courts of the State of Minnesota," did not formally appear in this lawsuit or join Bieging's motion, but as previously noted the record shows they were not properly served. Dismissal of Yisrael's claims against them is warranted on that basis as well as under Rule 12(b)(6) and the *Younger* doctrine for the reasons discussed above.

Furthermore, the Court finds the claims against them should be dismissed as frivolous. District courts have inherent authority to dismiss any action that is frivolous. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 307-08 (1989). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Yisrael's claims have no basis except as a means to express his grievance against the state courts and a judge who once presided over his criminal case, and to disrupt the prosecution of the charges against him. Therefore, the claims should be dismissed as frivolous.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.      Defendant Kevin Bieging's Motion to Dismiss [Docket No. 8] be GRANTED;

2.      All federal claims against all defendants be dismissed without prejudice;

3.      The Court decline to exercise supplemental jurisdiction over any state law

claims and that they be dismissed without prejudice.


Dated: May 3, 2021                          ___s/David T. Schultz_____
                                            DAVID T. SCHULTZ
                                            U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).